The opinion of the court was delivered by
Breaux, J.
The plaintiffs sue to annul the assessment on their machinery and other capital. They aver that they are manufacturers of umbrellas and parasols, and claim exemption on the ground that they are manufacturers of textile fabrics and other articles of wood.
*871 The facts proved, which appear material, were that the materials consisted wholly of articles brought here from elsewhere in different sizes suited to adjust into umbrellas.
We are informed that the cloth was received in bolts; after inspection it was cut to the shape in which it is used in the umbrellas; the piece3 after the cutting into the required sizes are sewed together by means of a machine.
The sticks or rods are received in a certain state of preparation. At plaintiff’s works in this city they are reduced in their length; two slots, the one near the handle and the other near the top, are sawed in these sticks by a circular saw; wire springs are inserted in these “slots” or “grooves,” and the sticks are tipped with a sma’l ring of metal. The “notches” and “runners” are received in packages; and the cloth is adjusted to the ribs attached to the stick or rods by means of the “runners” and “notches.”
The judgment in the lower court was pronounced for plaintiffs. The defendants appeal.
Each article used was intended when it was manufactured as part of umbrellas. They have been changed here from parts of umbrellas to umbrellas.
It would be extraordinary if the spirit of the article of the Constitution, in its protecting policy, should include articles manufactured elsewhere and brought here to be fitted together and given the shape for which the different parts were intended.
The articles in question were manufactured by others than plaintiffs, and were, by the latter, fashioned into umbrellas, by applying labor and skill, it is true, not to the extent, however, of securing the exemption accorded to the manufacturer. The word manufacture has a more comprehensive meaning than the processes employed in combining, fitting and adjusting the several pieces of the umbrella.
The work in Louisiana is infinitesimal as compared with the work elsewhere on the different articles. The limited work performed here is not manufacturing as generally understood.
Those engaged in the manufacture of textile fabrics and articles of wood are exempt. But the cloth used is not manufactured here and little work is required after it is received, much less than is applied in making coats and trousers out of jeans cloth. «
As to the exemption of these, this court has decided that one engaged in .cutting and making coats and trousers out of jeans cloth, *872 which has been already manufactured by another, is not'engaged in ¡the manufacture of textile fabrics.
Unquestionably, if those who are engaged in making coats and -■trousers out of jeans cloth are not exempt because they do manufacture the cloth, those engaged in cutting and sewing pieces ¡together and attaching them to umbrella frames are not exempt. ■ Cohn & Feibelman vs. Parker, 41 An. 894.
As to the articles of wood, we have seen that they, the rods and ■handles, are in a state of preparation when received. Tipping the .sticks with a ferrule, and sawing two very short “ slots ” on each, is ■mot manufacturing, within the intendment of the article of the Oon-stitution.
In the Brooklyn Cooperage Company case, 48 An. 1314, to which -cm* attention is directed, no hogsheads were made in plaintiff’s establishment; the materials were all imported and the work consisted in setting them in barrel form. As in the cited case, in the ■ case here, the parts of the umbrella are put into shape and no ■umbrellas are made in plaintiff’s establishment.
It is therefore ordered, adjudged and decreed that the judgment .appealed from is annulled, avoided and reversed, and that plaintiffs’ ■demand is rejected and their suit dismissed. Costs of both courts to ■be paid by plaintiffs.